UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| PATRICK ROBERTS, ) | |
| ) | Civil Action No. 13-137-KSF |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| FRANCISCO J. QUINTANA, WARDEN, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Patrick Roberts is an inmate confined by the Bureau of Prisons in the United States Penitentiary ("USP") located in Terre Haute, Indiana.[1] Proceeding without counsel, Roberts has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug conviction. [R. 1] Roberts has paid the $5.00 filing fee. [R. 11]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Roberts' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551

---

[1] When Roberts filed this proceeding, he was confined in the Federal Medical Center located in Lexington, Kentucky. Because jurisdiction is determined at the time a § 2241 petition is filed, *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993), Roberts' subsequent transfer to USP-Terre Haute did not deprive this Court of jurisdiction over his § 2241 petition. *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002).

U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Roberts' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Roberts may not assert his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

In May 1998, a federal grand jury indicted Roberts, along with several other defendants, of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Patrick Roberts*, No. 2:97-CR-80627-JAC-3 (E.D. Mich. 1997) On January 4, 1999, the Government filed a Penalty Enhancement Information outlining Roberts' prior drug convictions. [R. 465, therein] On January 7, 1999, the Government presented Roberts with a Plea Agreement which provided that (1) he would plead guilty only to the conspiracy to distribute charge but would be subject to the mandatory sentence of life imprisonment based on his prior drug convictions, and (2) the Government would recommend a downward departure from a life sentence to a 180-month prison term if Roberts cooperated and provided substantial assistance in its investigation of the drug trafficking conspiracy. Roberts accepted the Plea Agreement [R. 464, therein] and on that same date, the district court accepted his guilty plea.

On July 8, 1999, prior to sentence being imposed, the Government advised the district court that it would not request a downward departure because Roberts had failed to provide substantial assistance in the drug trafficking investigation. On that same date, the district court sentenced Roberts to serve a life prison term. Roberts appealed, arguing that the district court erred by refusing to allow him to withdraw his guilty plea after the government decided not to request a downward

departure in his favor. The Sixth Circuit rejected Roberts' argument and affirmed his conviction and sentence. *United States v. Ford*, 15 F. App'x 303 (6th Cir. 2001)[2]

On April 18, 2002, Roberts filed a motion under 28 U.S.C. § 2255 collaterally challenging his conviction and sentence. [R. 762, therein] Citing *United States v. Cotton*, 535 U.S. 625 (2002), Roberts alleged that his Fifth Amendment right to due process of law had been violated because Count One of the Superseding Indictment failed to specify a drug amount. Roberts argued that because of this defect in the indictment, the district court lacked jurisdiction to impose a life sentence, and that he should have been sentenced under 21 U.S.C. § 841(b)(1)(c), which carries either a 20- year maximum prison term for any measurable amount of cocaine, or a 30-year sentence if the defendant has a prior felony drug conviction. Roberts further alleged that he had been denied effective assistance of counsel, in violation of his rights under the Sixth Amendment of the U.S. Constitution, when his counsel was unavailable to execute a more favorable Plea Agreement which had been discussed in October 1998.

On December 15, 2003, the district court denied Roberts' § 2255 motion, stating that neither *Cotton* nor *United States v. Apprendi*, 530 U.S. 466, 490 (2001),[3] supported Roberts' Fifth

---

[2] In affirming, the Sixth Circuit concluded that when Roberts entered into the Plea Agreement, he was aware of the fact that he faced a life sentence based on his prior drug convictions; that he knew that a request for a downward departure of his sentence was expressly conditioned on his complete cooperation with the government's investigation; and that he offered no factual or legal support for his claim that the government improperly refused to request a downward departure for substantial assistance. *Ford*, 15 F. App'x at 312.

[3] In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 530 U.S. at 490. Roberts did not cite *Apprendi*, but the district court construed his motion as asserting a claim under *Apprendi*.

Amendment argument. [R. 799, therein] The district court explained that *Cotton* held that any errors by the sentencing court relating to the indictment were governed by the plain error test under Fed. R. Crim. P. 52(b), and that the failure of the indictment to specify the amount of drugs was not a jurisdictional defect. [*Id.*, p. 5, therein] The district court stated that given that conclusion, it did not commit plain error because Roberts conceded in his plea agreement that he had sold in excess of 50 grams of "crack" cocaine, and that notwithstanding any defect in the indictment, it had subject matter jurisdiction to impose a life sentence. [*Id.*, p. 5, therein] Further, the district court acknowledged that although *Apprendi* held that any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, *Apprendi* did not apply retroactively to cases on collateral appeal and therefore did not assist Roberts. [*Id.*, p. 6] Finally, the district court rejected Roberts' Sixth Amendment claim alleging ineffective assistance of counsel, finding that he failed to demonstrate that he suffered actual prejudice stemming from the fact that the Plea Agreement, which had been discussed in October 1998, was never executed. [*Id.*, pp. 8-9]

Roberts appealed the denial of his § 2255 motion, but the Sixth Circuit denied him a certificate of appealabilty. [R. 820 therein, *see also Roberts v. United States of America*, No. 04-1023 (6th Cir. Nov. 22, 2004)]. In October 2008, Roberts filed a motion to "correct the judgment," which the district court denied after construing it as an unauthorized second or successive § 2255 motion. [R. 853, therein] Roberts appealed, but the Sixth Circuit affirmed the district court and denied Roberts a certificate of appealability. [R. 873, therein]

In 2011, Roberts filed a motion under 18 U.S.C. § 3582 to reduce his sentence, but on August 10, 2012, the district court denied that motion. [R. 879, therein] Roberts appealed, but on April 25, 2013, the Sixth Circuit affirmed the denial of that motion. [R. 899, therein]

**ALLEGATIONS ASSERTED IN THE § 2241 PETITION**

Roberts argues that because the indictment did not mention any drug quantities, the district court lacked subject matter jurisdiction to determine that he was a career criminal and sentence him to serve life in prison. Roberts contends that because of the defect in the indictment, his life sentence violates the Due Process clause of the Fifth Amendment of the United States Constitution, and that he is entitled to habeas relief under 28 U.S.C. § 2241. In support of his arguments, Roberts cites *Cotton*, *Apprendi*, *Blakely v. Washington*, 524 U.S. 296 (2004) and *Booker v. United States*, 543 U.S. 220 (2005).[4]

**DISCUSSION**

Roberts is not challenging the manner in which his sentence is being executed, such as the Bureau of Prisons' computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Roberts

---

[4] In *Blakely*, the Supreme Court found that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536. According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.

In *Booker*, the Supreme Court made *Apprendi* and *Blakely* applicable to the federal sentencing guidelines. *See Booker*, 125 S.Ct. at 756-758. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S.Ct. at 756.

5

challenges the constitutionality of his sentence on Fifth Amendment grounds. Section § 2241 is not, however, the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction. *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). As explained below, Roberts' § 2255 remedy was not inadequate and ineffective.

First, in his § 2241 petition, Roberts again challenges the imposition of his life sentence based on the *Cotton* and *Apprendi* decisions. As discussed, when Roberts filed his § 2255 motion

6

in the district court, he cited *Cotton* and by implication, *Apprendi*, in support of his arguments. The district court determined that for various reasons, neither *Cotton* nor *Apprendi* afforded Roberts collateral relief from his sentence, and on appeal, the Sixth Circuit refused to issue Roberts a certificate of appealability.

The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.,* at 758. The fact that Roberts was unsuccessful in his effort to challenge his enhanced sentence in his § 2255 motion, and the fact that the appellate court thereafter denied him relief on that issue does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.") Thus, to the extent that Roberts continues to challenge his enhanced sentence based on *Cotton* and *Apprendi*, he cannot establish that his remedy under § 2255 was an inadequate means of challenging his federal detention.

Second, in his § 2241 petition, Roberts now cites *Blakely* and *Booker* in support of his Fifth Amendment challenge to his life sentence. Roberts was sentenced in July 1999 and his direct appeal was denied in 2001, well before the United States Supreme Court handed down *Blakely* on June 24, 2004. The Sixth Circuit has held that *Blakely* and *Booker* do not apply retroactively to cases on collateral review where the conviction in question became final prior to the date on which *Blakely* was rendered. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005) (holding that *Booker*, which extends the reasoning of *Blakely* to the federal sentencing guidelines, is not retroactive); *Valentine v. United States*, 488 F.3d 325, 329-31 (6th Cir. 2007);

*Spiridigliozzi v. United States*, 117 F. App'x 385, 394 (6th Cir. 2004); *Taylor v. Warden*, No. 1:07-CV-860, 2009 WL 335278, at *3 (S.D. Ohio Feb.10, 2009) Therefore, *Blakely* and *Booker* do not assist Roberts in this § 2241 proceeding

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

As explained, Roberts has not cited a new rule of law which the Supreme Court has made retroactively applicable and which affords him relief from his sentence. When it denied Roberts' § 2255 motion, the district court explained that *Apprendi* does not apply retroactively to cases on collateral appeal. This Court has now stated that neither *Blakely* nor *Booker* apply retroactively to cases on collateral appeal, such as Roberts' § 2241 petition.

Further, Roberts does not allege that he is actually innocent of the underlying drug offense crimes of which he was convicted, *only* that the district court lacked jurisdiction to impose a life sentence. An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v.*

*Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

In this circuit, a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Peterman*, 249 F.3d at 462; *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241."); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause). Thus, Roberts' challenge to his life sentence is not a challenge which he can successfully assert under § 2241.

The Court will, therefore, deny Roberts' petition because he may not assert his Fifth Amendment claims in a habeas corpus proceeding under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Patrick Roberts' 28 U. S. C. § 2241 petition for a writ of habeas corpus [R. 1], is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the docket.

This December 3, 2013.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**